

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Paul Riley*
*Assistant United States Attorney*
*Paul.Riley@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4959*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

September 17, 2020

**VIA ECF**

The Honorable Deborah K. Chasanow
United States District Judge
United States District Court for the District of Maryland
United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: *United States v. Jeffrey Southall*, Criminal No. DKC-18-471

Dear Judge Chasanow:

The Government writes this letter in advance of Defendant's sentencing, scheduled for October 10, 2020 at 10:00 AM. On January 9, 2020, Defendant pled guilty to Count One of the Indictment charging him with Bank Fraud Conspiracy in violation of 18 U.S.C. §§ 1344 and 1349.

As set forth more fully below, the Government requests that the Court sentence Defendant to a term of three years' (36 months') imprisonment—the same term of imprisonment requested by Defendant in the parties' plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) (ECF No. 121). This sentence should be imposed consecutive to the life sentence Defendant is currently serving in connection with a 1984 state murder conviction.

## I. Background

As detailed in the parties' plea agreement and the Presentence Investigation Report (PSR) (ECF No. 134), Defendant conspired and joined in an agreement with others, including co-Defendants Arnaz Hardin, Raeniece Board, and Permelia Lawson to open credit card accounts with various victim financial institutions including J.P. Morgan Chase Bank, Capital One Bank, Navy Federal Credit Union, Wells Fargo Bank, State Farm Bank, and TD Bank (the "financial institutions") using the personal identification information (PII) of at least 25 victims, including their dates of birth, social security numbers, and addresses.

Defendant was incarcerated during the time period of the conspiracy (and continues to be incarcerated today) and was recorded on numerous jail calls with his co-conspirators discussing in detail (1) the fraud scheme; (2) the PII of various victims; (3) credit card applications to various victim banks, including the financial institutions; (4) credit cards obtained as a result of the fraud; (5) and how those credit cards in the names of the victims were to be used for cash withdrawals and purchases.

Defendant was the leader of and driving force behind this fraud scheme—using the phone at the correctional facilities where he was incarcerated to provide his co-conspirators victim PII, to direct them regarding which financial institutions they were to submit applications, and how any fraudulently obtained funds were to be spent. Defendant would also, with the help of his co-conspirators, speak with representatives of the financial institutions himself, pretending to be victims—in an attempt to open up lines of credit.

## II. Guidelines Computation

Under the U.S. Sentencing Guidelines, Defendant's offense level as to Count One—Bank Fraud Conspiracy—is correctly calculated at a total offense level of 11, after taking into account stipulated conduct and acceptance of responsibility. PSR ¶¶ 31-42. Because Defendant is a Criminal History Category III, the applicable guideline imprisonment range as to Count One is 12-18 months' imprisonment.

The parties' plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) reflects an agreed-upon sentence of 36 months' imprisonment—a variant sentence above the sentencing guidelines range—though it leaves open the question of whether the sentence should be consecutive or concurrent to the life sentence Defendant is currently serving. PSR ¶ 46.

This agreement takes into account, among other things, the fact that Count Two of the Indictment charges Defendant with Aggravated Identity Theft, which carries a mandatory minimum sentence of 24 months' imprisonment consecutive to any other sentence, as well as the fact that the Government frequently insists in cases similar to this that the defendant pleads guilty to both the Aggravated Identity Theft charge, as well as the underlying predicate charge—here, Bank Fraud Conspiracy.

The agreement likewise takes into account the fact that the Aggravated Identity Theft charge provides for a term of a supervised release of up to just one year, while the Bank Fraud Conspiracy charge provides for a term of supervised release of up to five years.

## III. Sentencing Factors Under 18 U.S.C. § 3553(a)

The sentencing factors under 18 U.S.C. § 3553(a) support a sentence of 36 months' imprisonment consecutive to the lifetime term of imprisonment that Defendant is currently serving. Such a sentence is necessary to reflect the seriousness of the offense and protect the public from further crimes of the Defendant, as well as to afford adequate deterrence, promote respect for the law, and provide just punishment. It also takes into account the Defendant's history and characteristics.

As an initial matter, Defendant's offense is undoubtedly serious. He was the leader of fraud and identity theft scheme that resulted in at least 25 victims' PII being compromised—and all of the attendant headaches and costs to the victims associated with that identity theft—and losses to banks of over $4,000.

Further, the Government's recommended sentence is also necessary to deter Defendant from participating in criminal acts of this sort in the future. Defendant's actions here are brazen: For a period of years, he led a fraud scheme from within the walls of prison. The life sentence Defendant is serving should have served to deter him from criminal conduct such as that at issue here. However, rather than being deterred, Defendant has repeatedly continued to break the law.

The Government's recommend sentence would also serve to deter others from fraud and identity theft—a vital interest given the ease with which fraud schemes such as the one here can be carried out and the accompanying emotional distress, aggravation and lost time each victim must endure after having had his or her PII stolen and used in connection with fraud. Indeed, general deterrence is a particularly important sentencing factor in fraud cases such as this one because it is viewed to be effective. *See United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence."); *United States v. Edwards*, 595 F.3d 1004, 1021 (9th Cir. 2010) ("[B]ank fraud, unlike an assault in a tavern or even domestic abuse, tends to be a planned, deliberate crime, which allows plenty of time for reflection, calculation of the odds of success or failure, and the ultimate decision.").

However, deterrence is only one sentencing factor that supports the Government's recommended sentence. As noted above, a sentence of 36 months' imprisonment consecutive to the sentence Defendant is currently serving reflects the need for just punishment and respect for the law, which are particularly important in this case based on the seriousness of the offense, in terms of the number of individuals impacted by the fraud and the quite personal nature of the violations. The Government's recommended sentence directly advances those sentencing goals.

## IV. The Government's Sentencing Recommendation

In light of all of the factors set forth above, the Government recommends that the Court sentence Defendant to a term of three years' imprisonment consecutive to the state term of imprisonment for murder that he is currently serving, to be followed by five years' supervised release.

Respectfully submitted,

Robert K. Hur
United States Attorney

/s/
By: Paul A. Riley
Assistant United States Attorney

cc: Defendant's Counsel (by ECF)